◼ JENNIFER WESTFALL, Respondent, v CHARLES W. WYLD, JR., et al., Appellants. [594 NYS2d 836] —Mahoney, J. Appeal from an order of the Supreme Court (Harris, J.), entered February 11, 1992 in Albany County, which, *inter alia,* denied defendants' cross motion to dismiss the complaint for failure to state a cause of action.

On December 29, 1988 plaintiff was allegedly injured when the automobile she was operating was struck from behind while stopped in traffic by a motor vehicle owned by defendant New York Telephone Company and operated by defendant Charles W. Wyld, Jr. This accident furnished the occasion for plaintiff's commencement of the instant negligence action against defendants to recover damages for injuries sustained. Issue was joined and discovery conducted. When defendants rejected plaintiff's service of a second supplemental bill of particulars, plaintiff sought court intervention. Defendants opposed her motion and cross-moved, *inter alia,* for summary judgment on the ground that plaintiff had not sustained a "serious injury" within the meaning of Insurance Law § 5102 (d). Supreme Court denied defendants' cross motion and granted plaintiff permission to serve her second supplemental bill of particulars. This appeal by defendants ensued.

There should be an affirmance. In our view plaintiff's opposition papers raised factual issues regarding the presence of a

serious injury, more particularly, a nonpermanent injury which prevented her from performing substantially all her usual and customary activities for not less than 90 days during the 180 days following the accident. Plaintiff's proof in this regard consisted of medical reports from the physician who treated her, examining physicians, and her own testimony as to her physical condition and activities during 90 of the 180 days following the accident. This evidence revealed that plaintiff was a high school senior in full-time attendance at the time of the accident. In addition, she was class president and also held a part-time job. It is uncontroverted that while she returned to school for approximately one week in January 1989, she was unable to continue. During this time she came under the care of a physician who examined her on January 12, 1989 and prescribed further bed rest for the next two weeks. Plaintiff remained out of school and was assisted in her school work by a home tutor. In addition, she quit her part-time job. The physician's records reveal that following a January 31, 1989 visit, she was advised to continue with the bed rest. A March 1989 report indicated some improvement, but advised that she should continue to stay off her feet and that she "should not return to school yet, but possibly in another month if she continues to improve". By May 1989 return to school was permitted, but without participation in gym classes. In total plaintiff was out of school for five months, from January to May 1989, and was provided with a home tutor by her school during the entire period. Further, the physician incorporated his medical reports in his affidavit of October 16, 1991, submitted on these motions, which also described his objective findings and his opinion that plaintiff suffered "a severe sprain/strain of the cervical lumbar region of her back and possibly herniation of the discs in these areas as well". This diagnosis was confirmed by defendants' examining physician on August 28, 1989, who opined that on December 28, 1988 plaintiff "sustained muscular and ligamentous injuries to her neck and lower back".

In view of the foregoing, namely a bona fide injury which resulted in plaintiff's inability to attend school, function as class president and pursue her part-time employment, activities that comprised most if not all of her usual and customary activities, we find sufficient evidence to warrant denial of defendants' cross motion (see, Gaddy v Eyler, 79 NY2d 955).

Yesawich Jr., J. P., Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.