■ R. Jayne Wymer, Respondent, v National Fuel Gas Distribution Corporation et al., Appellants. [629 NYS2d 929] —Judgment insofar as appealed from reversed on the law without costs and new trial granted on damages for future pain and suffering only. Memorandum: Defendants appeal from that part of a judgment of Supreme Court that awarded plaintiff "damages for permanency of injury" in the amount of $35,000. Defendants contend that the verdict is inconsistent with the jury's response to interrogatories and that the court erred in instructing the jury. We agree.

The jury was given a verdict sheet that asked two questions: whether plaintiff "sustained a significant limitation of use of a body function or system" and whether plaintiff "sustained a medically determined injury or impairment of a non-permanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following accident". The jury answered no to the first question and yes to the second. The court gave the jury a second verdict sheet to determine whether plaintiff had established a cause of action in negligence and to determine damages, if any. In response to a question from the jury, the court told the jury that, "[i]f [it found] that any of plaintiff's injuries are permanent," it could award damages based on plaintiff's life expectancy. Defense counsel objected to "the charge with reference to permanency and future pain and suffering * * * I take exception to the charge on the basis that [the jury] already answered the question in question two with regards to impairment of a non-permanent nature." The court stated that the statute was ambiguous, that is, it was unclear whether the phrase "non-permanent nature" applies to both "medically determined injury" and to "impairment." The court concluded that the jury could have found that plaintiff suffered a medically determined injury that was permanent. After further deliberation, the jury awarded plaintiff $35,000 for future pain and suffering. That was error.

Once the jury had concluded that plaintiff suffered a "medically determined injury or impairment of a non-permanent nature", it was precluded from awarding plaintiff damages for permanent injuries. A plain reading of the statute supports the view that the modifying phrase "non-permanent nature" refers to both injury and impairment (see, Pearson v Krupka, 202 AD2d 983; Westfall v Wyld, 191 AD2d 866). Section 5102 (d) of the Insurance Law sets forth specific categories that constitute "serious injury"; the category of "a medically determined injury or impairment of a non-permanent nature" is set off by semicolons, thus signifying that it is intended to be one category (see, Licari v Elliott, 57 NY2d 230, 235). Under the dissent's reading of the statute, all of the language following the phrase "impairment of a non-permanent nature" would modify that phrase only and not the phrase "medically determined injury". That would completely distort the meaning of the statute by making "medically determined injury" a free-standing category. The Court of Appeals has held that the substantial curtailment of daily activities for 90 of the 180

days immediately following the accident applies to the entire phrase "a medically determined injury or impairment of a non-permanent nature" (*Licari v Elliott, supra,* at 235).

Although we conclude that plaintiff is not entitled to recover for a permanent injury or impairment, there was proof that plaintiff would continue to experience generalized pain in the future. Thus, because the court erred in telling the jury that it could award damages for pain and suffering on a permanent basis, we grant a new trial on damages for future pain and suffering only.

All concur except Fallon and Wesley, JJ., who dissent and vote to affirm in the following Memorandum.

Fallon and Wesley, JJ. (dissenting). We respectfully dissent and would affirm. The court without objection asked the jury to answer the following two questions:

"1. Has the Plaintiff, R. Jayne Wymer, as a result of the accident, sustained a significant limitation of use of a body function or system?

"2. Has the Plaintiff, R. Jayne Wymer, as a result of the accident, sustained a medically determined injury or impairment of a non-permanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following accident?"

The jury answered the first question in the negative and the second in the affirmative. In our view, the court properly submitted the issues of permanency and future damages to the jury.

"[O]nce the 'serious injury' threshold is satisfied, a plaintiff is entitled to recover any damages proximately caused by the accident" (*Matula v Clement,* 132 AD2d 739, 740, *lv denied* 70 NY2d 610, citing *Prieston v Massaro,* 107 AD2d 742, 743-744). We conclude that the jury's finding of permanency is supported by the record and is not inconsistent with the responses to the interrogatories.

The majority's holding requires the incongruous conclusion that an injured party who is unable to perform his or her usual or customary duties for the statutory period as a consequence of a permanent injury does not meet the serious injury threshold. (Appeal from Judgment of Supreme Court, Niagara County, Dadd, J.—Negligence.) Present—Denman, P. J., Fallon, Wesley, Doerr and Balio, JJ.