■ LUELLA KELLEY, Appellant, v DOUGLAS A. BALASCO et al., Respondents. [640 NYS2d 652] —Mercure, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered April 19, 1995 in Albany County, upon a verdict rendered in favor of plaintiff.

Plaintiff commenced this action to recover for whiplash-type injuries allegedly sustained in a May 27, 1992 automobile accident. Defendant conceded liability and the matter went to a jury on the questions of whether plaintiff sustained a " 'Serious injury' " as defined in Insurance Law § 5102 (d) and damages. With regard to the question of whether plaintiff satisfied the no-fault threshold, Supreme Court submitted separate interrogatories on the following categories of serious injury: (1) permanent loss of use of a body organ, member, function or system, (2) significant limitation of use of a body function or system, (3) permanent consequential limitation of use of a body organ or member, and (4) a medically determined injury or impairment which prevented plaintiff from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment. The jury made a positive finding on only one of the categories, the fourth, and then proceeded to the issue of damages, awarding $25,000 for conscious pain and suffering up to the date of the verdict and no damages for future pain and suffering. Plaintiff moved to set aside the jury's negative findings on the first three categories of serious injury and the verdict with regard to damages for future pain and suffering. Supreme Court denied the motion and plaintiff now appeals.

We affirm. As a threshold matter, we conclude that plaintiff is not aggrieved by the jury's factual determination that she did not sustain a serious injury within any of the first three categories stated above. Fundamentally, a jury's finding that the plaintiff sustained an injury within any of the categories set forth in Insurance Law § 5102 (d) satisfies the no-fault threshold, thereby eliminating that issue from the case and permitting the plaintiff to recover any damages proximately caused by the accident (*see, Matula v Clement,* 132 AD2d 739, 740, *lv denied* 70 NY2d 610; *Prieston v Massaro,* 107 AD2d 742, 743-744; *but see, Wymer v National Fuel Gas Distrib. Corp.,* 217 AD2d 920).

Far more to the point is the question of whether the jury's verdict denying plaintiff recovery for future pain and suffering was against the weight of the evidence. In that connection, the

proper inquiry is, first, whether there is sufficient evidence to support the verdict and, if so, whether the evidence on the whole so preponderated in favor of plaintiff that the verdict could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875). Applying that two-part test, we find that there was sufficient evidence to support the verdict and, further, that the evidence did not so preponderate in favor of plaintiff on the question of plaintiff's future pain and suffering that the verdict could not have been reached on any fair interpretation of the evidence. Notably, the evidence showed that the subject accident involved slight impact (according to plaintiff, there was no damage to either vehicle), that plaintiff sustained only soft tissue injuries, manifesting few, if any, objective signs or symptoms, and that, as of the time of the trial, plaintiff had discontinued physical therapy and resumed full-time employment. At the very most, the evidence demonstrated that at the time of trial plaintiff suffered only minor limitation of motion of her head, neck and shoulders, and even those findings were primarily premised upon plaintiff's own subjective complaints.

Plaintiff's further contentions have been considered and found to be unavailing.

Cardona, P. J., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.