■ PATRICIA O'NEILL et al., Appellants, v EVA O'NEILL, Respondent, and VITELLI CASTELLANA et al., Defendants. [690 NYS2d 277] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief,

from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 3, 1998, as granted that branch of the motion of the defendant Eva O'Neill which was for summary judgment dismissing the plaintiffs' complaint to the extent of dismissing the claim that the injured plaintiff sustained a significant limitation of use of a body function or system and/or a medically determined injury or impairment of a nonpermanent nature which prevented the injured plaintiff from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the aforesaid branch of the motion of the defendant Eva O'Neill is denied.

The injured plaintiff allegedly sustained facial scars and other injuries in an automobile accident. The court denied that branch of the motion of the defendant Eva O'Neill which was for summary judgment dismissing so much of the plaintiffs' causes of action as sought to recover damages based on significant disfigurement under the Insurance Law, but granted that branch of the motion which was to dismiss the "significant limitation of use" and "medically determined injury or impairment of a nonpermanent nature" components of the plaintiffs' claims. We reverse.

If a plaintiff establishes a prima facie case that any one of several injuries that he or she sustained in an accident is a "serious injury" within the meaning of Insurance Law § 5102 (d), he or she is entitled to seek recovery for all injuries incurred as a result of the accident (*see, Preston v Young,* 239 AD2d 729, 731-732; *Kelley v Balasco,* 226 AD2d 880; *Matula v Clement,* 132 AD2d 739; *Prieston v Massaro,* 107 AD2d 742). A question of fact exists in this case as to whether or not the infant plaintiff's facial scar constitutes a serious injury within the meaning of the Insurance Law. O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.