■ JOSEPH S. BEBRY, Appellant, v E.J. FARKAS-GALINDEZ et al., Respondents. [714 NYS2d 734] —In an action to recover damages for personal injuries, the plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Nassau County (Joseph, J.), entered August 5, 1999, which, upon a jury verdict finding that he sustained no damages for future pain and suffering, and sustained damages in the amount of only $35,000 for past pain and suffering, is in his favor and against the defendants in the principal sum of $35,000.

Ordered that the judgment is reversed, on the law, and a new trial is granted on the issue of damages only, with costs to abide the event.

The plaintiff sustained a fractured foot and other injuries in an automobile accident. During the damages trial, the Supreme Court charged the jury that the plaintiff sustained a fractured foot as a matter of law. Since a fracture is included within the statutory definition of "serious injury" (*see,* Insurance Law § 5102 [d]; *Kolios v Znack,* 237 AD2d 333), the Supreme Court erred in instructing the jury to determine, *inter alia,* whether the plaintiff sustained a permanent consequential limitation of his foot.

Moreover, the Supreme Court erred in instructing the jury to determine whether the plaintiff's sternum was fractured and whether the plaintiff sustained a permanent consequential limitation of his sternum. "If a plaintiff establishes a prima facie case that any one of several injuries that he or she sustained in an accident is a 'serious injury' within the meaning of Insurance Law § 5102 (d), he or she is entitled to seek recovery for all injuries incurred as a result of the accident" (*O'Neill v O'Neill,* 261 AD2d 459, 460; *Preston v Young,* 239 AD2d 729, 731, n; *Kelley v Balasco,* 226 AD2d 880). Under the circumstances, a new trial is required.

In light of this determination, we need not reach the plaintiff's remaining contentions. Altman, J. P., Goldstein, McGinity and Luciano, JJ., concur.