■ GARY LEONARD, Appellant, v JOSHUA IRWIN et al., Respondents. [721 NYS2d 198] —Order unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for past pain and suffering only unless defendants, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the verdict for past pain and suffering to $50,000, in which event the order is modified accordingly and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff com-

menced this action seeking damages for injuries he sustained when he was struck by a vehicle operated by Joshua Irwin (defendant) and owned by defendant Stephanie Irwin. Following a trial, the jury apportioned liability 55% to defendant and 45% to plaintiff, and awarded plaintiff damages of $3,500 for past pain and suffering, $20,000 for future pain and suffering, and $10,000 for future medical expenses. Plaintiff appeals from an order denying his motion for judgment notwithstanding the verdict and/or a new trial on the issues of liability and damages.

Given the evidence that plaintiff was intoxicated and was jaywalking when defendant hit him, it cannot be said that the jury's apportionment of fault is against the weight of the evidence (*see, Rakich v Lawes*, 186 AD2d 932, 934). We agree with plaintiff, however, that the award of $3,500 for past pain and suffering deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Shuman v Bower*, 242 AD2d 888). The testimony establishes that plaintiff sustained a torn rotator cuff that caused severe pain and limited mobility and that two invasive surgeries were required to repair it. Thus, we modify the order by granting plaintiff's motion in part and setting aside the verdict on damages for past pain and suffering only, and we grant a new trial on damages for past pain and suffering only unless defendants, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the verdict for past pain and suffering to $50,000, in which event the order is modified accordingly and as modified affirmed. (Appeal from Order of Supreme Court, Onondaga County, McCarthy, J.—Negligence.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Burns and Lawton, JJ.