■ Lisa L. Deyo, Respondent, v Laidlaw Transit, Inc., et al., Appellants. [727 NYS2d 797] —Rose, J. Appeals (1) from a judgment of the Supreme Court (Lalor, J.), entered April 19, 2000 in Greene County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered April 14, 2000 in Greene County, which denied defendants' motion to set aside the verdict.

Plaintiff commenced this action to recover for injuries sustained to her cervical and lumbar spine when her vehicle was struck from the rear by a school bus. After trial on the issue of damages only, the jury found that plaintiff had sustained a serious injury pursuant to Insurance Law § 5102* and returned a verdict awarding $125,000 for past pain and suffering and $250,000 for future pain and suffering. Defendants then moved to set aside the verdict pursuant to CPLR 4404 arguing that plaintiff had failed to establish a serious injury under the categories of permanent consequential limitation of

---

* The jury found these categories of serious injury: (1) a significant limitation of use of a body function or system, (2) a permanent consequential limitation of use of a body organ or member, and (3) a medically determined injury or impairment of a nonpermanent nature which prevented plaintiff from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the date of the accident.

use of a body organ or member and significant limitation of use of a body function or system, and on the ground that the damage awards were excessive. Supreme Court denied defendants' motion and they now appeal.

Although defendants contend that the record fails to support the jury's findings of serious injury under either of the limitation of use categories, we need not consider the issue because the jury also found that plaintiff had sustained an injury that prevented her from performing substantially all of her material acts which constituted her usual and customary daily activities for not less than 90 out of 180 days following the accident. As defendants have not challenged the 90/180-day finding, it satisfies the serious injury threshold, "thereby eliminating that issue from the case and permitting the plaintiff to recover any damages proximately caused by the accident" (*Kelley v Balasco*, 226 AD2d 880). Thus, Supreme Court properly denied defendants' motion to set aside the verdict on this basis.

As to defendants' contention that the damages awarded were excessive, we note that plaintiff was 33 years old at the time of the accident and 35 years old when the verdict was rendered. The jury found that her future damages would be incurred over a life expectancy of 44.6 years. Additionally, the medical evidence established that plaintiff now has relatively mild impairment of her neck and spine, but that she will have chronic back pain and limited range of motion in the future. In this regard, plaintiff's treating orthopedic surgeon testified that, as of the time of trial, "she ha[d] reached * * * maximal medical improvement and * * * that [her] low back pain spasm and occasional radiation into the gluteal region will persist." Plaintiff testified that she continues to have pain in her neck and back, must wear a back brace, cannot sit for long periods of time, cannot walk the distances she used to be able to walk and is limited in performing household chores. In light of this evidence and our review of comparable cases (*see, Stone v Hidle*, 266 AD2d 705; *Osiecki v Olympic Regional Dev. Auth.*, 256 AD2d 998; *Robillard v Robbins*, 168 AD2d 803, *affd* 78 NY2d 1105), we conclude that the jury's award of $375,000 deviated from reasonable compensation and that the amounts of $75,000 for past pain and suffering and $150,000 for future pain and suffering would be more appropriate.

Mercure, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment and order are modified, on the law and the facts, without costs, by reversing so much thereof as awarded plaintiff past and future damages of

$375,000, and a new trial ordered only on the issue of damages unless, within 20 days after service of a copy of the order herein, plaintiff stipulates to reduce the award for past and future damages to $225,000, in which event the judgment, as so reduced, is affirmed, without costs.

