(March 27, 2002)

■ ROBERT H. MARKEL et al., Respondents-Appellants, v VINCENT F. SCAVO et al., Appellants-Respondents. [744 NYS2d 908] —Motion for reargument or, in the alternative, permission to appeal to the Court of Appeals.

■ ROBERT H. MARKEL et al., Respondents-Appellants, v VINCENT F. SCAVO et al., Appellants-Respondents. [741 NYS2d 571] —Mugglin, J. Cross appeals from an order of the Supreme Court (Malone, Jr., J.), entered October 2, 2000 in Albany County, which partially denied defendants' motion for summary judgment dismissing the complaint.

As a result of a motor vehicle accident, plaintiff Robert H. Markel (hereinafter plaintiff) and his wife, derivatively, commenced this action alleging that plaintiff sustained a serious injury as defined in two categories of Insurance Law § 5102 (d), namely, permanent loss of a use of a body organ, member, function or system and a medically determined injury or impairment that prevented him from performing substantially all of his usual and customary daily activities for not less than 90 days during the 180 days immediately following the injury.

Upon defendants' motion for summary judgment, Supreme Court found insufficient evidence of permanency and, therefore, dismissed that claim. Supreme Court found, however, that issues of fact existed concerning the 90/180-day category and, therefore, denied that part of defendants' motion. Both plaintiffs and defendants appeal.

It is well settled that " '[i]n seeking summary judgment on the issue of whether the serious injury threshold has been satisfied, the burden is initially on a defendant to establish as a matter of law that the plaintiff did not suffer a "serious injury" as that term is defined in Insurance Law § 5102 (d)' " (*Hines v Capital Dist. Transp. Auth.*, 280 AD2d 768, 769, quoting *Anderson v Persell*, 272 AD2d 733; *see, Bushman v Di Carlo*, 268 AD2d 920, *lv denied* 94 NY2d 764; *Tankersley v Szesnat*, 235 AD2d 1010). If the defendant satisfies this obligation, the burden shifts to the plaintiff to come forward with competent medical evidence based upon objective medical findings and diagnostic tests to establish the existence of a serious injury (*see, Kristel v Mitchell*, 270 AD2d 598). Here, then, defendants had the burden of submitting evidence that plaintiff did not sustain a medically determined injury which prevented him from performing substantially all of the material acts constituting his usual and customary daily activities during the required time period. Defendants failed to meet this burden.

In support of their motion, defendants submitted the report of Edwin Mohler, an orthopedic surgeon. Mohler stated therein that the injuries he found to be causally related to plaintiff's automobile accident included plaintiff's left cervical scapular thoracic strain with intermittent paresthesias, together with left upper extremity and rib and hip contusions. This diagnosis is consistent with the diagnosis of each doctor who examined and treated plaintiff following the accident and whose records were submitted by defendants. Consequently, there has been no showing that plaintiff did not sustain a medically determined injury and the issue distills to whether this injury prevented him from performing substantially all of the material acts constituting his usual and customary daily activities. On this issue, defendants have submitted no evidence except for the records of three physicians who treated plaintiff and who each released him to return to work. The last such report, however, does not release him until July 28, 1997, the 90th day postaccident. Therefore, plaintiff's affidavit concerning his inability to perform at all, or only in some limited way, his usual and customary activities during this period of time was sufficient to raise an issue of fact.

Turning to plaintiffs' appeal, it is noted that, in their brief, plaintiffs expressly abandon any argument that Supreme Court erred in determining that plaintiff did not suffer a permanent loss of use under Insurance Law § 5102 (d) in light of the decision of the Court of Appeals in *Oberly v Bangs Ambulance* (96 NY2d 295). Plaintiffs' sole contention on their appeal is that Supreme Court erred in precluding them "from introducing proof of a permanent injury at the time of trial." They argue that, once it is determined that the no-fault threshold has been satisfied under the 90/180-day rubric, they will be entitled to recover any damages proximately caused by the accident (*see, Deyo v Laidlaw Tr.*, 285 AD2d 853, 854; *Cerniglia v Wisniewski*, 267 AD2d 660, 661; *Kelley v Balasco*, 226 AD2d 880). Inasmuch as plaintiff has never alleged that he suffered a permanent, total loss of use of any nature, plaintiffs apparently fear that Supreme Court has precluded their introduction at trial of evidence of a permanent, partial loss of use, thereby preventing them from recovering for such injury. We find such fear to be unfounded, for Supreme Court's determination to dismiss "all allegations of a permanent injury" was expressly limited to granting partial summary judgment in defendants' favor "upon the liability issue" and not on the issue of damages.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.