■ BRIAN T. BONNER, Appellant, v DANIEL J. HILL, Respondent. [756 NYS2d 82] —In an action to recover damages

for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated April 18, 2002, as, in effect, granted the defendant's cross motion for summary judgment dismissing the complaint except with respect to the plaintiff's claims of serious injury related to the alleged fracture of the transverse process of the vertebrae at L5.

Ordered that the order is affirmed insofar as appealed from, with costs.

The medical evidence submitted by the defendant in support of his cross motion for summary judgment made out a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition to the cross motion, the plaintiff raised a triable issue of fact through the affidavit of an orthopedic surgeon, Dr. Russell G. Tigges, that, as a result of the accident, the plaintiff sustained a serious injury in the form of a fracture of the transverse process of the vertebrae at L5 (*see* Insurance Law § 5102 [d]; *Bebry v Farkas-Galindez,* 276 AD2d 656 [2000]).

By establishing that any one of several injuries sustained in an accident is a serious injury within the meaning of Insurance Law § 5102 (d), a plaintiff is entitled to seek recovery for all injuries incurred as a result of the accident (*see Bebry v Farkas-Galindez, supra*; *O'Neill v O'Neill,* 261 AD2d 459, 460 [1999]; *Preston v Young,* 239 AD2d 729, 731 n [1997]; *Kelley v Balasco,* 226 AD2d 880 [1996]; *Prieston v Massaro,* 107 AD2d 742, 743-744 [1985]). However, the plaintiff failed to present evidence that any of his other injuries were causally related to the accident (*see Har-Sinay v Accessible Windows & Glass & Mirror Corp.,* 272 AD2d 575 [2000]; *Fallon v Landwirt,* 261 AD2d 435 [1999]). Contrary to the plaintiff's arguments, the attribution of another orthopedic surgeon, Dr. Andrew M. Peretz, of the plaintiff's alleged injuries and symptoms to the accident is unexplained and conclusory. Therefore, it is insufficient to raise a triable issue of fact as to causation of the plaintiff's alleged injuries other than the fracture of the transverse process of the vertebrae at L5. Accordingly, the Supreme Court properly limited the issues for trial to the one injury the causation of which was in dispute (*see* CPLR 3212 [g]). Santucci, J.P., Krausman, McGinity, Schmidt and Crane, JJ., concur.