■ TERESITA RIZZO, Appellant, v DANIELLE DESIMONE et al., Respondents. [755 NYS2d 874] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated February 4, 2002, which granted that branch of her motion pursuant to CPLR 4404 which was to set aside that portion of a jury verdict awarding her the sum of $9,000 as damages for past pain and suffering only to the extent of ordering a new trial on that issue unless the defendants stipulated to increase the award for past pain and suffering to the sum of $50,000, and denied that branch of the motion which was for a new trial on the issue of damages for future pain and suffering.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for a new trial on the issue of damages for future pain and suffering, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

The Supreme Court erred in charging the jury that it had to find that the plaintiff sustained "a permanent consequential limitation of the use of a body organ or member" (Insurance Law § 5102 [d]) to consider the issue of damages for future pain and suffering. "[O]nce a prima facie case of serious injury has been established and the trier of fact determines that a serious injury has been sustained, plaintiff is entitled to recover for all injuries incurred as a result of the accident" (*Prieston v Massaro*, 107 AD2d 742, 743-744 [1985]; *see Deyo v Laidlaw Tr.*, 285 AD2d 853 [2001]; *Bebry v Farkas-Galindez*, 276 AD2d 656 [2000]; *O'Neill v O'Neill*, 261 AD2d 459 [1999]).

Therefore, the jury should have been instructed to consider the issue of future damages after it determined that the plaintiff had sustained "a significant limitation of the use of a body function or system" (*Sescila v Garine,* 225 AD2d 684, 685 [1996]).

The verdict as to damages for the plaintiff's past pain and suffering, as increased by the Supreme Court, did not deviate materially from what would be reasonable compensation under the circumstances of this case (*see* CPLR 5501 [c]; *Leonard v Irwin,* 280 AD2d 935 [2001]; *see also Severin v Benenati,* 251 AD2d 316 [1998]). However, there is no indication in the record that the defendants stipulated to increase the jury verdict as to damages for past pain and suffering in accordance with the order appealed from. Therefore, the new trial on the issue of damages for future pain and suffering shall be held together with any new trial which may be held on the issue of damages for past pain and suffering.

The plaintiff's remaining contentions are unpreserved for appellate review, are without merit, or need not be addressed at this time. Prudenti, P.J., Krausman, Goldstein and Schmidt, JJ., concur.