█ TERESITA RIZZO, Appellant, v DANIELLE DESIMONE et al., Respondents. [775 NYS2d 531]—

Motion by the appellant for clarification of a decision and order of this Court dated March 3, 2003 [303 AD2d 392], which determined an appeal from an order of the Supreme Court, Queens County, dated February 4, 2002.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that the decision and order dated March 3, 2003, is recalled and vacated and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated February 4, 2002, which granted that branch of her motion pursuant to CPLR 4404 which was to set aside that portion of a jury verdict awarding her the sum of

$9,000 as damages for past pain and suffering only to the extent of ordering a new trial on that issue unless the defendants stipulated to increase the award for past pain and suffering to the sum of $50,000, and denied that branch of the motion which was for a new trial on the issue of damages for future pain and suffering.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for a new trial on the issue of damages for future pain and suffering, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith; and it is further,

Ordered that the time of the defendants to comply with the order dated February 4, 2002, by stipulating to increase the award of damages for past pain and suffering is extended until 30 days after the date of this decision and order.

The Supreme Court erred in charging the jury that it had to find that the plaintiff sustained "a permanent consequential limitation of the use of a body organ or member" (Insurance Law § 5102 [d]) to consider the issue of damages for future pain and suffering. "[O]nce a prima facie case of serious injury has been established and the trier of fact determines that a serious injury has been sustained, plaintiff is entitled to recover for all injuries incurred as a result of the accident" (*Prieston v Massaro,* 107 AD2d 742, 743-744 [1985]; *see Deyo v Laidlaw Tr.,* 285 AD2d 853 [2001]; *Bebry v Farkas-Galindez,* 276 AD2d 656 [2000]; *O'Neill v O'Neill,* 261 AD2d 459 [1999]). Therefore, the jury should have been instructed to consider the issue of future damages after it determined that the plaintiff had sustained "a significant limitation of use of a body function or system" (*Sescila v Garine,* 225 AD2d 684, 685 [1996]).

The verdict as to damages for the plaintiff's past pain and suffering, as increased by the Supreme Court, did not deviate materially from what would be reasonable compensation under the circumstances of this case (*see* CPLR 5501 [c]; *Leonard v Irwin,* 280 AD2d 935 [2001]; *see also Severin v Benenati,* 251 AD2d 316 [1998]). However, there is no indication in the record that the defendants stipulated to increase the jury verdict as to damages for past pain and suffering in accordance with the order appealed from. Under the circumstances, we are extending the defendants' time to comply with the order dated February 4, 2002. In the event that the defendants stipulate to increase the award as to past pain and suffering, at the new trial on

damages for future pain and suffering, the plaintiff may only recover damages for the same injury on which damages for past pain and suffering have been awarded. We further note that even if a new trial on both past and future damages is required we affirm the jury's finding that the plaintiff has sustained a serious injury.

The plaintiff's remaining contentions are unpreserved for appellate review, without merit, or need not be addressed at this time. Prudenti, P.J., Krausman, Goldstein and Schmidt, JJ., concur.