■ PATINO OBDULIO, Appellant, v BERTO FABIAN et al., Respondents. [822 NYS2d 276]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered April 26, 2005, which, insofar as appealed from, granted that aspect of defendants' motion seeking to set aside the award of $164,580 for future pain and suffering on the ground that the evidence was legally insufficient to support such an award, and vacated said award, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion denied and a new trial on the issue of damages for future pain and suffering ordered, unless plaintiff, within 30 days of service of a copy of this order with notice of entry, stipulates to reduce the award for future pain and suffering to $25,000 and to entry of a judgment in accordance therewith.

Plaintiff was injured in a motor vehicle accident when the vehicle he was driving was struck by a vehicle driven by defendant Berto Fabian and owned by defendant Abraham Guzman. At trial, plaintiff's expert witness opined that plaintiff sustained

a herniated disk that resulted in cervical radiculopathy, and a bulging disk that resulted in lumbar radiculopathy. Defendants' expert disagreed with plaintiff's expert's conclusion, opining that plaintiff sustained neither a herniated nor a bulging disk.

The jury was asked to determine whether plaintiff sustained a "serious injury" pursuant to Insurance Law § 5102 (d) under one or more of the following categories: significant limitation of the use of a body function or system, permanent consequential limitation of the use of a body organ or member, and medically determined injury or impairment of a nonpermanent nature which prevented plaintiff from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the injury. While the jury determined that plaintiff did not sustain a significant limitation injury or a permanent consequential injury, it did find that plaintiff sustained a serious injury under the 90/180-day category, and awarded plaintiff damages for both past and future pain and suffering.

Defendants moved to, among other things, set aside the award for future pain and suffering. Supreme Court granted that aspect of the motion and vacated the award. The court reasoned that the evidence was legally insufficient to sustain the award, noting that the jury rejected plaintiff's contention that he sustained either a significant limitation or permanent consequential injury, and that plaintiff had ceased seeking medical care for his injuries several months after the accident. This appeal by plaintiff ensued.

"[O]nce a prima facie case of serious injury has been established and the trier of fact determines that a serious injury has been sustained, plaintiff is entitled to recover for all injuries incurred as a result of the accident" (*Rizzo v DeSimone*, 6 AD3d 600, 601 [2004] [internal quotation marks omitted]; *see Gallagher v Samples*, 6 AD3d 659 [2004]; *Deyo v Laidlaw Tr.*, 285 AD2d 853 [2001]; *Bebry v Farkas-Galindez*, 276 AD2d 656 [2000]). Accordingly, plaintiff was not foreclosed from recovering damages for future pain and suffering on the ground that he did not sustain a serious injury under the significant limitation or permanent consequential injury categories.

Plaintiff's testimony established that, at the time of trial, he occasionally experienced pain, which he controlled with Motrin, and that his ability to engage in certain recreational activities was curtailed. Plaintiff also established that therapeutic measures (e.g., stretching, taking hot baths) provided temporary relief from the pain he experienced but did not completely alleviate the pain. In light of this evidence, a valid line of reason-

ing and permissible inferences supports the jury's conclusion that plaintiff was entitled to recover damages for future pain and suffering (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]). Accordingly, Supreme Court erred in determining that the evidence was legally insufficient to support such an award. Moreover, the jury's conclusion in this regard, which indicates that plaintiff's testimony was credited, rested on a fair interpretation of the evidence and we decline to set it aside as contrary to the weight of the evidence (*see McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]).

Although the court erroneously charged on the issue of future damages, limiting such an award to a finding of permanency, plaintiff failed to object and this erroneous charge became the law applicable to the determination of the case (*see Up-Front Indus. v U.S. Indus.*, 63 NY2d 1004 [1984]). We reach the issue of the erroneous charge in the exercise of discretion and allow an award for future pain and suffering. The jury's award in this regard, however, deviated materially from what is reasonable compensation under the circumstances to the extent indicated (*see* CPLR 5501 [c]; *see also Picon v Moore*, 15 AD3d 188 [2005]; *Donatiello v City of New York*, 301 AD2d 436 [2003]; *Newman v Aiken*, 278 AD2d 115 [2000]; *cf. Skow v Jones, Lang & Wooton Corp.*, 240 AD2d 194 [1997], *lv denied* 94 NY2d 758 [1999]). Concur—Mazzarelli, J.P., Andrias, Sullivan, Nardelli and McGuire, JJ.