CARMEN MARTE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [871 NYS2d 921]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Lane, J.), entered July 2, 2007, as granted those branches of the respective motions of the defendant A. Magarin-Adames and the defendants New York City Transit Authority and Jose Contreras which were for summary judgment dismissing so much of the complaint insofar as asserted against each of them as alleged injuries to her lumbar spine, cervical spine, and right knee on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) to those parts of her body.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the respective motions of the defendant A. Magarin-Adames and the defendants New York City Transit Authority and Jose Contreras, which were for summary judgment dismissing so much of the complaint insofar as asserted against them as alleged that the plaintiff sustained a permanent consequential limitation of use of a body organ or member or a significant limitation of use of a body function or system within the meaning of Insurance Law § 5102 (d) as to the alleged injuries to her cervical spine and right knee, and substituting therefor a provision denying those branches of the motions; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff.

Since the Supreme Court found that there were triable issues of fact regarding whether the plaintiff sustained a serious injury to her right ankle, she is entitled to seek recovery for all injuries allegedly incurred as a result of the accident (*see Shtesl v Kokoros,* 56 AD3d 544 [2008]; *Rizzo v DeSimone,* 6 AD3d 600 [2004]; *Prieston v Massaro,* 107 AD2d 742, 743 [1985]). Accordingly, the Supreme Court erred in granting summary judgment dismissing so much of the complaint as alleged injuries to the plaintiff's cervical spine and right knee.

As the plaintiff did not allege in her bill of particulars that she injured her lumbar spine, any claims concerning her lumbar spine were not considered by this Court, and should not have been considered by the Supreme Court (*see Felix v Wildred,* 54 AD3d 891 [2008]; *Sharma v Diaz,* 48 AD3d 442, 443 [2008]; *Ifrach v Neiman,* 306 AD2d 380, 381 [2003]). Skelos, J.P., Dillon, Carni and Leventhal, JJ., concur.