■ FRANKLIN GITTO et al., Appellants, v SALVATORE SCAMONI, Respondent. [881 NYS2d 516]—

Peters, J.P. Appeal from an order of the Supreme Court (Sackett, J.), entered June 5, 2008 in Sullivan County, which granted defendant's motion to compel discovery.

Plaintiff Franklin Gitto (hereinafter plaintiff) was allegedly injured in an automobile accident involving defendant. Defendant demanded that plaintiff appear for independent neurological and orthopedic examinations. Although plaintiff underwent a neurological evaluation, he did not appear for a separate orthopedic examination. Defendant moved to compel plaintiff to

attend, Supreme Court granted the motion, and plaintiffs appeal.

There is no restriction on the number of examinations to which a party may be subjected pursuant to CPLR 3121 (a), but a second examination will only be permitted if its necessity can be demonstrated by the party seeking it (*see Hilts v Board of Educ. of Gloversville Enlarged School Dist.*, 50 AD3d 1419, 1420 [2008]). In this case, plaintiff allegedly suffered both neurological and orthopedic injuries, and the first independent examination was a neurological one performed by a neurologist. Plaintiffs do not claim that they will be prejudiced if an orthopedic examination occurs. In contrast, defendant may suffer prejudice if such an examination is prohibited, as it is undisputed that defendant has noticed experts in both neurology and orthopedics for trial. Under these circumstances, Supreme Court did not abuse its discretion in directing plaintiff to undergo an orthopedic examination (*see Streicker v Adir Rent A Car*, 279 AD2d 385, 385 [2001]; *Dominguez v Manhattan & Bronx Surface Tr. Operating Auth.*, 168 AD2d 376, 376-377 [1990]).

Rose, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.