■ JACK SWED, Respondent, v MANUEL PENA et al., Appellants. [884 NYS2d 868]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated February 13, 2009, as denied those branches of their motion which were for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) because he did not sustain a "permanent consequential limitation of use of a body organ or member" or a "significant limitation of use of a body function or system."

Ordered that the appeal is dismissed as academic, with costs.

The defendants appeal from so much of the Supreme Court's order as denied those branches of their motion which were for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury because he did not sustain a "permanent consequential limitation of use" or "significant limitation of use" under Insurance Law § 5102 (d). However, the defendants do not appeal from that portion of the order which granted that branch of the plaintiff's cross motion which was for summary judgment on the serious injury threshold issue based on his contention that he sustained "a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during

the one hundred eighty days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]). Therefore, since the defendants did not dispute that the plaintiff made out a prima facie case of serious injury pursuant to this last category, the plaintiff is entitled to seek recovery for all injuries he allegedly incurred as a result of the accident (*see Marte v New York City Tr. Auth.*, 59 AD3d 398, 399 [2009]; *Obdulio v Fabian*, 33 AD3d 418, 419 [2006]; *Rizzo v DeSimone*, 6 AD3d 600, 601 [2004]). Accordingly, the defendants' failure to appeal from that portion of the order has rendered the instant appeal academic, since any determination made by this Court on the appeal would not affect the rights of the parties with respect to this action, nor is there any basis in this case for invoking an exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]). Mastro, J.P., Fisher, Miller, Dickerson and Chambers, JJ., concur.