■ JUDD RUBIN, Appellant, v SMS TAXI CORP. et al., Respondents, et al., Defendants. [898 NYS2d 110]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered February 11, 2008, that to the extent appealed from, granted the motion by defendants SMS Taxi and Lachheb for summary judgment dismissing the complaint for failure to demonstrate serious injury, except with respect to the claim for significant disfigurement, unanimously affirmed without costs. Order, same court (Paul Wooten, J.), entered December 23, 2008, that denied plaintiff's motion for clarification or reconsideration, unanimously reversed, on the law, without costs, the motion granted and the prior order clarified so as to state that once a jury determines plaintiff has met the threshold for serious injury, the jury may award damages for all of plaintiff's injuries causally related to the accident, even those not meeting the serious injury threshold.

As the motion court found, defendants met their initial burden of producing evidentiary proof in admissible form sufficient to show that plaintiff's neck and back injuries did not meet any serious injury thresholds. Plaintiff's medical submissions were devoid of information to substantiate his 90/180-day claim. The plaintiff also failed to raise an issue of fact as to any other category from Insurance Law § 5102 because he did not show: (1) what medical tests were performed, (2) the objective

nature of the tests, (3) what the normal range of motion should be and (4) the significance of plaintiff's limitations. Plaintiff thus failed to raise an issue of fact as to the claims for permanent loss, permanent consequential limitation and significant limitation of use of a body part, system or function (*see Marsh v City of New York*, 61 AD3d 552 [2009]; *Valentin v Pomilla*, 59 AD3d 184, 186 [2009]). Further, plaintiff's unsworn affirmation is insufficient to explain his cessation of treatment (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]).

Plaintiff also failed to offer the requisite competent medical proof of incapacity during 90 of the first 180 days following the accident (*see Moses v Gelco Corp.*, 63 AD3d 548 [2009]); Dr. Valderrama's assertion that he advised plaintiff to take off from work until at least July 10 after the June 16 accident does not satisfy this requirement. Plaintiff's claimed inability to perform his job was also not supported by documentation from his employer (*see Ortiz v Ash Leasing, Inc.*, 63 AD3d 556 [2009]).

However, the motion court found that plaintiff did meet the serious injury threshold on his claim for significant disfigurement of a body part in that the scar on his face "is permanent, discolored and no treatment can improve it." This portion of the motion court's ruling is not an issue on appeal. At issue on the motion for clarification or reconsideration is whether or not plaintiff can still present to the jury the injuries the court found did not meet the "serious injury" threshold within the meaning of Insurance Law § 5102 (d). "[O]nce a prima facie case of serious injury has been established and the trier of fact determines that a serious injury has been sustained, plaintiff is entitled to recover for all injuries incurred as a result of the accident" (*Obdulio v Fabian*, 33 AD3d 418, 419 [1st Dept 2006]; *see also Prieston v Massaro*, 107 AD2d 742 [2d Dept 1985]; *Marte v New York City Tr. Auth.*, 59 AD3d 398, 399 [2d Dept 2009]). Consequently, plaintiff is entitled to present his claim involving facial scarring to meet the threshold for serious injury under Insurance Law § 5102 (d) (significant disfigurement). Once a jury determines that plaintiff has met the threshold for serious injury, the jury may award damages for all of plaintiff's injuries causally related to the accident, even those not meeting the serious injury threshold. Whether plaintiff's back and neck injuries were causally related to the accident are questions of fact for the jury to resolve.

The legislative intent of New York's No-Fault Law was to "significantly reduce the number of automobile personal injury accident cases litigated in the courts" (*Licari v Elliott*, 57 NY2d 230, 236 [1982]), and to "weed out frivolous claims and limit

recovery to significant injuries" (*Dufel v Green,* 84 NY2d 795, 798 [1995]). Accordingly, once an alleged claim meets at least one of the serious injury thresholds, the statute's gatekeeping function, to reduce caseloads by limiting what the courts adjudicate, is satisfied. As the case is already in the gate, so to speak, judicial economy is no longer a reason to preclude plaintiff from presenting to the jury all injuries causally related to the accident. This comports with the general principle that a plaintiff is entitled to recover damages that justly and fairly compensates him or her for *all* injuries proximately caused by the accident.

The court denied the motion for reconsideration or clarification of the initial order, but because it did address the merits in adhering to the initial determination, the subsequent order is appealable (*see Nawi v Dixon,* 59 AD3d 363, 364 [2009]). Concur—Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Richter, JJ. **[Prior Case History: 2008 NY Slip Op 30417(U).]**