# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**152**
**CA 15-00718**
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

CATHERINE M. HEARY, PLAINTIFF-RESPONDENT,

              V                          MEMORANDUM AND ORDER

DENISE HIBIT AND ERIK M. HIBIT,
DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

---

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

GROSS, SHUMAN, BRIZDLE & GILFILLAN, P.C., BUFFALO (SARAH P. RERA OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered February 4, 2015. The order, among other things, granted plaintiff's motion to set aside the jury verdict on the issue of past and future pain and suffering.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law and in the exercise of discretion by vacating the first and second ordering paragraphs and as modified the order is affirmed without costs, and a new trial on damages is granted.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained in a motor vehicle accident. In her bill of particulars, plaintiff alleged that she sustained injuries to her cervical spine that qualified as a serious injury within the meaning of Insurance Law § 5102 (d) under the permanent consequential limitation of use, significant limitation of use and 90/180-day categories. At defendants' request, a neurologist performed an independent medical examination (IME) of plaintiff, and plaintiff thereafter filed a note of issue. After the note of issue was filed, plaintiff underwent spinal fusion surgery. Defendants sent a notice to plaintiff seeking a postsurgical IME by an orthopedist. When plaintiff refused to submit to the requested postsurgical IME, defendants moved, inter alia, to compel her to do so. By the order in appeal No. 2, Supreme Court denied that part of defendants' motion seeking to compel plaintiff to submit to the IME but otherwise granted the motion.

While appeal No. 2 was pending, a jury trial was conducted. The jury rendered a verdict in plaintiff's favor on liability, finding

that she was not negligent and that she sustained a serious injury under each category alleged. The jury also awarded damages for, inter alia, past and future pain and suffering. Plaintiff moved to set aside the verdict with respect to the awards for past and future pain and suffering. By the order in appeal No. 1, the court, inter alia, granted plaintiff's motion and ordered a new trial on damages for past and future pain and suffering unless defendants stipulated to increased awards in those categories.

In appeal No. 2, we conclude that the court erred in denying that part of defendants' motion that sought to compel plaintiff to submit to a postsurgical IME by an orthopedist. "There is no restriction in CPLR 3121 limiting the number of examinations to which a party may be subjected, and a subsequent examination is permissible where the party seeking the examination demonstrates the necessity for it" (*Young v Kalow*, 214 AD2d 559, 559). Here, defendants demonstrated a substantial change of circumstances, i.e., plaintiff's spinal fusion surgery, that necessitated an orthopedic IME (*see Buerger v County of Erie*, 101 AD2d 1025, 1025). Although plaintiff had submitted to an IME by a neurologist, her claimed injuries were both neurological and orthopedic, and defendants were thus entitled to an orthopedic IME (*see Gitto v Scamoni*, 62 AD3d 1232, 1233; *Streicker v Adir Rent A Car*, 279 AD2d 385, 385). Plaintiff, moreover, failed to show that her prosecution of the action would be prejudiced by the additional IME by an orthopedist (*see Streicker*, 279 AD2d at 385). We therefore reverse the order in appeal No. 2 insofar as appealed from, and we grant that part of defendants' motion seeking to compel plaintiff to submit to an IME by an orthopedist.

The error in refusing to compel plaintiff to submit to the postsurgical IME, however, does not affect the jury's verdict with respect to the parties' respective fault. Nor does the error affect the jury's finding that plaintiff sustained a serious injury under the 90/180-day category. "[A] jury's finding that the plaintiff sustained an injury within any of the categories set forth in Insurance Law § 5102 (d) satisfies the no-fault threshold, thereby eliminating that issue from the case and permitting the plaintiff to recover any damages proximately caused by the accident" (*Kelley v Balasco*, 226 AD2d 880, 880; *see Obdulio v Fabian*, 33 AD3d 418, 419). Thus, inasmuch as the jury found that plaintiff sustained a serious injury under the 90/180-day category, and the postsurgical IME would not bear on that category, the error in appeal No. 2 does not warrant disturbing the verdict in appeal No. 1 on liability, i.e., negligence and serious injury (*see generally Ruzycki v Baker*, 301 AD2d 48, 52).

We further conclude, however, that the error in refusing to compel plaintiff to submit to a postsurgical IME by an orthopedist is relevant to the verdict on damages. We therefore exercise our authority under CPLR 4404 (a), which we share with the trial court (*see e.g. Dessasore v New York City Hous. Auth.*, 70 AD3d 440, 441), to grant a new trial on damages only in appeal No. 1, and we modify the

order therein accordingly.

Entered:  April 29, 2016                    Frances E. Cafarell
                                           Clerk of the Court