Nussbaum v Chase (2018 NY Slip Op 07440)





Nussbaum v Chase


2018 NY Slip Op 07440


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2016-13383
 (Index No. 9402/14)

[*1]Ann Nussbaum, etc., et al., appellants, 
v
Jacob L. Chase, respondent.


Paul Bryan Schneider, P.C., Melville, NY, for appellants.
Martyn, Toher, Martyn and Rossi, Mineola, NY (Lisa M. Rossi of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered October 24, 2016. The order, insofar as appealed from, in effect, granted those branches of the defendant's motion which were for summary judgment dismissing so much of the complaint as sought to recover damages for injuries to the plaintiff Ann Nussbaum's wrist, back, and neck.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were for summary judgment dismissing so much of the complaint as sought to recover damages for injuries to the plaintiff Ann Nussbaum's wrist, back, and neck, are denied.
After the plaintiffs and the defendant were involved in an automobile accident, the plaintiffs commenced this action to recover damages for personal injuries. The defendant subsequently moved for summary judgment, inter alia, dismissing the complaint insofar as asserted by the plaintiff Ann Nussbaum (hereinafter Ann) on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court concluded that a triable issue of fact existed as to whether Ann sustained a serious injury to her right shoulder under the fracture category of Insurance Law § 5102(d). Nevertheless, the court, in effect, granted those branches of the motion which were for summary judgment dismissing so much of the complaint as sought to recover damages for injuries to Ann's wrist, neck, and back. The plaintiffs appeal.
"By establishing that any one of several injuries sustained in an accident is a serious injury within the meaning of Insurance Law § 5102(d), a plaintiff is entitled to seek recovery for all injuries incurred as a result of the accident" (Bonner v Hill, 302 AD2d 544, 545; see Insurance Law § 5104[a]; Rizzo v DeSimone, 6 AD3d 600, 601; Bebry v Farkas-Galindez, 276 AD2d 656; Prieston v Massaro, 107 AD2d 742, 743-744). Here, we agree with the Supreme Court's conclusion that a triable issue of fact exists as to whether Ann sustained a serious injury to her right shoulder (see Uribe v Jimenez, 133 AD3d 844; Bojorquez v Sanchez, 65 AD3d 1179, 1180). In the event that Ann establishes at trial that she sustained a serious injury to her right shoulder as a result of the accident, she will be entitled to seek damages for all of the injuries she sustained as a result of the accident [*2](see Bebry v Farkas-Galindez, 276 AD2d 656). Accordingly, the court erred in, in effect, awarding summary judgment dismissing so much of the complaint as sought to recover damages for injuries to Ann's wrist, neck, and back.
SCHEINKMAN, P.J., BALKIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court