Alexandre v Neptune (2023 NY Slip Op 01273)

Alexandre v Neptune

2023 NY Slip Op 01273

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
JANICE A. TAYLOR, JJ.

2020-03473
 (Index No. 560001/16)

[*1]Michelle Alexandre, et al., respondents, et al., plaintiff, 
v
Marc Neptune, et al., defendants, Honda Lease Trust, et al., appellants.

Jennifer S. Adams, Yonkers, NY (Richard C. Ertel of counsel), for appellants.
Eric H. Green (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Honda Lease Trust and Carline Alexandre appeal from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated February 27, 2020. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them by the plaintiffs Michelle Alexandre, Daniel Alexandre, and Matthew Alexandre, on the ground that those plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs Michelle Alexandre, Daniel Alexandre, and Matthew Alexandre (hereinafter collectively the plaintiffs), and another party, commenced this action to recover damages for personal injuries they each allegedly sustained in a motor vehicle accident that occurred on June 15, 2014. The defendants Honda Lease Trust and Carline Alexandre (hereinafter together the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them by the plaintiffs on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated February 27, 2020, the Supreme Court, among other things, denied the motion. The defendants appeal.
The defendants failed to meet their prima facie burden of showing that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants' submissions failed to eliminate triable issues of fact regarding the plaintiffs' claims, set forth in the bill of particulars, that they each sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977; see also Richards v Tyson, 64 AD3d 760, 761). Since the defendants failed to meet their prima facie burden, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them by the plaintiffs on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d), without regard to the sufficiency of the plaintiffs' opposing papers (see Winegrad v New York Univ. [*2]Med. Ctr., 64 NY2d 851, 853; Che Hong Kim v Kossoff, 90 AD3d at 969).
In light of this determination, we need not reach the issue of whether any of the other injuries alleged by the plaintiffs constituted a serious injury within the meaning of Insurance Law § 5102(d) (see Linton v Nawaz, 14 NY3d 821, 822; Pollet v Charyn, 200 AD3d 728; Marte v New York City Tr. Auth., 59 AD3d 398, 399).
IANNACCI, J.P., CHAMBERS, MALTESE and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court