■ KAY KOLIOS, Appellant, v ROBERT ZNACK et al., Respondents. [655 NYS2d 443] —In a negligence action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Doyle, J.), dated February 5, 1996, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff failed to establish that she sustained a serious injury within the meaning of Insurance Law § 5102 (d), and (2), as limited by her brief, from so much of an order of the same court, dated May 15, 1996, as, upon renewal, adhered to the original determination.

Ordered that the appeal from the order dated February 5, 1996, is dismissed, as that order was superseded by the order dated May 15, 1996, made upon renewal; and it is further,

Ordered that the order dated May 15, 1996, is reversed insofar as appealed from, on the law, the motion for summary judgment is denied, and the complaint is reinstated; and it is further,

Ordered that the appellant is awarded one bill of costs.

The evidence relied upon by the defendants consisted of, *inter alia,* reports of the plaintiff's physicians which indicated that, among her other injuries, the plaintiff had suffered a non-displaced nasal fracture in the underlying accident. Since a "fracture" is included within the statutory definition of "serious injury" (Insurance Law § 5102 [d]; *see, Gonzalez v Brayley,* 199 AD2d 1013, 1014), the defendants failed to make out a prima facie case that the plaintiff did not suffer a serious injury and their motion for summary judgment should have been denied (*see generally, Gaddy v Eyler,* 79 NY2d 955; *Licari v Elliott,* 57 NY2d 230). In light of this determination, we need not reach the question of whether any of the other injuries alleged by the plaintiff constituted a serious injury within the meaning of the statute. Rosenblatt, J. P., Pizzuto, Krausman and Florio, JJ., concur.