■ KATHLEEN KEEVINS, Appellant, v MITCHELL DROBBIN et al., Respondents. [758 NYS2d 76] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated February 7, 2002, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied her cross motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the plaintiff.

In opposition to the defendants' prima facie showing of their entitlement to summary judgment on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, the plaintiff submitted the affidavit and supporting medical report of her treating orthopedist. The orthopedist examined the plaintiff on November 24, 1998, three days after the

accident. In both his affidavit and medical report, the plaintiff's treating orthopedist stated that he reviewed X rays of the plaintiff's cervical spine and diagnosed an "avulsion fracture off the anterior aspect of C5." He further stated that there was a causal relationship between the avulsion fracture and the accident. In a medical record reflecting a follow-up visit on December 9, 1998, the plaintiff's treating orthopedist stated that the plaintiff had "a normal MRI scan of the cervical spine." Further, the defendant's radiologist reviewed the X rays of the plaintiff's cervical spine and noted "calcification * * * anterior to C5" and related that finding to "elongation of the transverse process of C5 which represents a normal variant rather than an avulsion injury." This evidence was sufficient to raise an issue of fact whether the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). Accordingly, the court erred in awarding summary judgment to the defendants (*see Kolios v Znack,* 237 AD2d 333 [1997]; *Bethea v Pacheco Auto Collision,* 207 AD2d 424 [1994]).

Further, based on the foregoing evidence, the plaintiff's cross motion for summary judgment was properly denied. Feuerstein, J.P., Goldstein, H. Miller and Rivera, JJ., concur.