■ REYNA GONZALES, Appellant, v CARMEN FIALLO, Respondent. [849 NYS2d 182]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated June 23, 2006, which granted that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant established her prima facie entitlement to judgment as a matter of law by establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). Any restrictions in motion noted by the defendant's neurologist were adequately explained as self-imposed and unrelated to the accident, as part of the expert's qualitative assessment (see Toure v Avis Rent A Car Sys., 98 NY2d at 350).

On appeal, the plaintiff raises no argument that any of her submissions in opposition to the defendant's motion were sufficient to raise a triable issue of fact. We note, however, that the unaffirmed and uncertified reports and records relied upon by the plaintiff are without probative value (see Rodriguez v Cesar, 40 AD3d 731, 732-733 [2007]; Phillips v Zilinsky, 39 AD3d 728, 729 [2007]; Osgood v Martes, 39 AD3d 516 [2007]; Borgella v D & L Taxi Corp., 38 AD3d 701, 702 [2007]). The affirmation of the plaintiff's treating physician is likewise without probative value as the physician's conclusions rely upon the unsworn reports of others (see Phillips v Zilinsky, 39 AD3d at 729; Porto v Blum, 39 AD3d 614, 615 [2007]; Marziotto v Striano, 38 AD3d 623, 624 [2007]; Iusmen v Konopka, 38 AD3d 608, 609 [2007]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Santucci, Dillon and Angiolillo, JJ., concur.