■ SENEQUE CUES, Appellant, v ROBERT J. TAVARONE, Respondent. [925 NYS2d 346]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Garvey, J.), dated July 1, 2010, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The defendant failed to meet his prima facie burden of showing that the plaintiff, who allegedly sustained injuries to, among other areas, the cervical region of his spine, as a result of the subject accident, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of that accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Although the defendant asserted that the alleged injuries to the cervical region of the plaintiff's spine did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 352; *Gaddy v Eyler*, 79 NY2d at 955-956), his examining neurologist recounted, in her affirmed report submitted in support of the motion, that the range-of-motion testing she performed during her examination revealed the existence of certain significant limitations in the region (*see Fields v Hildago*, 74 AD3d 740 [2010]). In addition, although the defendant asserted that the alleged injuries to the region were not caused by the subject accident (*see Pommells v Perez*, 4 NY3d 566, 579 [2005]), he provided no competent medical evidence supporting that argument (*see Hightower v Ghio*, 82 AD3d 934, 935 [2011]).

Since the defendant failed to meet his prima facie burden, it is unnecessary to consider whether the plaintiff's opposition

papers were sufficient to raise a triable issue of fact (*see Fields v Hildago*, 74 AD3d at 740). Dillon, J.P., Covello, Balkin, Lott and Roman, JJ., concur.