(July 5, 2011)

■ OMAR AWADH, Appellant, v PETERSON MORONTA, Respondent. [926 NYS2d 172]—

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The plaintiff alleged, inter alia, that he sustained certain injuries to the lumbar region of his spine as a result of the subject accident. The defendant, among other things, provided competent medical evidence establishing, prima facie, that the alleged injuries to the lumbar region of the plaintiff's spine did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Perl v Meher*, 74 AD3d 930 [2010]; *Gonzales v Fiallo*, 47 AD3d 760 [2008]).

However, in opposition, the plaintiff provided competent medical evidence raising a triable issue of fact as to whether the alleged injuries to the lumbar region of his spine constituted a serious injury under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) (*see Dixon v Fuller*, 79 AD3d 1094, 1094-1095 [2010]). Furthermore, contrary to the Supreme Court's determination, he provided a reasonable explanation for the cessation of his medical treatment (*see Abdelaziz v Fazel*, 78 AD3d 1086 [2010]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Florio, Leventhal, Belen and Cohen, JJ., concur.