■ JOHN P. WALTER, Respondent, v ROBERT WALCH et al., Appellants. [931 NYS2d 248]—

The defendants, on their cross motion for summary judgment, failed to meet their prima facie burden of showing that the plaintiff's infant stepdaughter, Paige Gildard (hereinafter the infant), did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged, inter alia, that the infant sustained certain injuries to the cervical region of her spine as a result of the subject accident. Although the defendants asserted that those alleged injuries did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 352; *Gaddy v Eyler*, 79 NY2d at 955-956), the defendants' examining orthopedic surgeon recounted, in his affirmed report submitted in support of the cross motion, that the range-of-motion testing he performed during his examination revealed the existence of a significant limitation of motion in the region (*see Cues v Tavarone*, 85 AD3d 846 [2011]).

Since the defendants failed to meet their prima facie burden on their cross motion for summary judgment, their cross motion was properly denied without considering whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*id.* at 846). Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur.