■ PHYLLIS BROURMAN, Respondent, v ALEX GOROKHOVSKY, Appellant. [931 NYS2d 890]—

The defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers the defendant submitted failed to adequately address the plaintiff's claim, set forth in the bills of particulars, that the plaintiff sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Reynolds v Wai Sang Leung*, 78 AD3d 919, 920 [2010]; *cf. Tinsley v Bah*, 50 AD3d 1019, 1019-1020 [2008]).

Moreover, the defendant failed to adequately address the plaintiff's claim that, as a result of the subject accident, a bone in her left foot sustained a fracture (*see Olic v Pappas*, 47 AD3d 780 [2008]).

In light of the defendant's failure to meet his prima facie burden, it is unnecessary to review the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur.