■ Lisa Scott, Respondent, v Richard M. Gresio, Appellant. [934 NYS2d 351]—

The defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the

meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged, inter alia, that the lumbar region of her spine sustained certain injuries as a result of the subject accident. Although the defendant asserted that those alleged injuries did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 352; *Gaddy v Eyler*, 79 NY2d at 955-956), his examining neurologist recounted, in an affirmed report submitted in support of the motion for summary judgment dismissing the complaint, that range-of-motion testing performed during the examination revealed the existence of a significant limitation of motion in the region (*see Walter v Walch*, 88 AD3d 872, 872 [2011]; *Cues v Tavarone*, 85 AD3d 846, 846-847 [2011]).

Since the defendant failed to meet his prima facie burden, the Supreme Court properly denied his motion for summary judgment dismissing the complaint, without considering whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Cues v Tavarone*, 85 AD3d at 846-847). Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.