■ ERNEST JONES, Appellant, v GLENDON ANDERSON et al., Respondents. [938 NYS2d 919]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated October 1, 2010, which granted the separate motions of the defendants Floyd McMillan and Melvia Ashby, and the defendants Glendon Anderson and Hughette Wong, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and, upon, in effect, searching the record, awarded summary judgment to the defendants Abraham Geus and Elrac, Inc., dismissing the complaint insofar as asserted against them on the same ground.

Ordered that the order is reversed, on the law, with one bill of costs, and the separate motions of the defendants Floyd McMillan and Melva Ashby, and the defendants Glendon Anderson and Hughette Wong, for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

The defendants Floyd McMillan and Melvia Ashby, and the defendants Glendon Anderson and Hughette Wong (hereinafter collectively the defendants), failed to meet their respective prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The plaintiff alleged, inter alia, that the lumbar region of his spine sustained certain injuries as a result of the subject accident. Although the defendants asserted that those alleged injuries did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 352; *Gaddy v Eyler*, 79 NY2d at 955-956), the defendants' examining orthopedic surgeon and examining neurologist both recounted, in affirmed reports submitted in support of the defendants' motions for summary judgment, that range-of-motion testing performed during the examinations revealed the existence of a significant limitation in the region (*see Scott v Gresio*, 90 AD3d 736, 737 [2011]; *Walter v Walch*, 88 AD3d 872, 873 [2011]; *Cues v Tavarone*, 85 AD3d 846 [2011]).

Since the defendants failed to meet their respective prima facie burdens, the Supreme Court should have denied their motions for summary judgment without considering whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Scott v Gresio*, 90 AD3d at 737), and should not have, upon, in effect, searching the record, awarded summary judgment to the defendants Abraham Geus and Elrac, Inc. Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.