■ Nina Caracciolo et al., Appellants, v Elmont Fire District et al., Respondents. [941 NYS2d 879]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), entered June 22, 2011, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Nina Caracciolo did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff Nina Caracciolo (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants argued that the alleged injuries to the cervical and lumbosacral regions of the injured plaintiff's spine, and to the injured plaintiff's brain, did not constitute serious injuries within the meaning of Insurance Law § 5102 (d). However, the defendants' examining orthopedic surgeon recounted, in an affirmed report submitted in support of the defendants' motion for summary judgment dismissing the complaint, that range-of-motion testing performed during the examination revealed significant limitations of motion in the cervical and lumbosacral regions of the injured plaintiff's spine (*see Scott v Gresio*, 90 AD3d 736, 737 [2011]; *Walter v Walch*, 88 AD3d 872, 873 [2011]). Furthermore, the defendants' examining orthopedic surgeon did not address the alleged injuries to the injured plaintiff's brain, and the de-

fendants failed to submit any other competent medical evidence addressing those alleged injuries (see *Safer v Silbersweig,* 70 AD3d 921, 922 [2010]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint, without regard to the sufficiency of the papers submitted by the plaintiffs in opposition (see *Scott v Gresio,* 90 AD3d at 737; *Walter v Walch,* 88 AD3d at 873; *Safer v Silbersweig,* 70 AD3d at 922). Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur. **[Prior Case History: 2011 NY Slip Op 31756(U).]**