■ JEANNIE ALEXANDER et al., Appellants, v SHAWN R. GORDON et al., Respondents. [945 NYS2d 397]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated March 11, 2011, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Jeannie Alexander did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied, as untimely and academic, their cross motion, in effect, for summary judgment on the issues of serious injury and liability.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Jeannie Alexander did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and substituting therefor a provision denying the motion, (2) by deleting the provision thereof denying, as untimely and academic, that

branch of the plaintiffs' cross motion which was, in effect, for summary judgment on the issue of serious injury, and substituting therefor a provision denying that branch of the cross motion on the merits, and (3) by deleting the provision thereof denying, as untimely and academic, that branch of the plaintiffs' cross motion, in effect, which was for summary judgment on the issue of liability, and substituting therefor a provision denying that branch of the cross motion as untimely; as so modified, the order is affirmed, without costs or disbursements.

The defendants failed to meet their prima facie burden of showing that the plaintiff Jeannie Alexander (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). Although the defendants asserted that the alleged injuries to the cervical and lumbar regions of the injured plaintiff's spine did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 352; *Gaddy v Eyler*, 79 NY2d at 955-956), the defendants' examining orthopedic surgeon recounted, in an affirmed report submitted in support of the defendants' motion for summary judgment, that range-of-motion testing performed during the examination revealed significant limitations in the regions (*see Jones v Anderson*, 93 AD3d 640, 641 [2012]; *Cues v Tavarone*, 85 AD3d 846 [2011]). In addition, the defendants failed to adequately address the plaintiffs' claim that as a result of the subject accident, the injured plaintiff sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Rouach v Betts*, 71 AD3d 977 [2010]). Finally, the defendants failed to adequately address the plaintiffs' claim that as a result of the subject accident, one of the injured plaintiff's bones sustained a fracture (*see Brourman v Gorokhovsky*, 89 AD3d 660 [2011]). Since the defendants failed to meet their prima facie burden, the Supreme Court should have denied their motion for summary judgment dismissing the complaint, without considering whether the plaintiffs' opposition papers were sufficient to raise a triable issue of fact (*id.* at 660; *see Cues v Tavarone*, 85 AD3d at 846-847; *Rouach v Betts*, 71 AD3d at 977-978).

The plaintiffs' cross motion for summary judgment was untimely (*see McNally v Beva Cab Corp.*, 45 AD3d 820, 821

[2007]). Furthermore, the plaintiffs failed to establish "good cause" for their delay in making the cross motion (CPLR 3212 [a]; *see Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725, 726 [2004]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]). However, a court may entertain an untimely cross motion for summary judgment if the court is deciding a timely motion for summary judgment made on nearly identical grounds (*see Grande v Peteroy*, 39 AD3d 590, 591-592 [2007]). Thus, because the defendants made a timely motion for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), that branch of the plaintiffs' cross motion which was, in effect, for summary judgment on the issue of serious injury can be entertained (*see Grande v Peteroy*, 39 AD3d at 591-592; *cf. Lennard v Khan*, 69 AD3d 812, 814 [2010]). In contrast, that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability cannot be entertained, as the issue of liability is a "matter separate from the issue of" serious injury (*Reid v Brown*, 308 AD2d 331, 332 [2003]).

Contrary to the plaintiffs' contention, they failed to demonstrate their entitlement to judgment as a matter of law with respect to their claim of serious injury based on the alleged fracture. A plaintiff moving for summary judgment on the issue of serious injury must establish, prima facie, that he or she sustained a serious injury within the meaning of Insurance Law § 5102 (d), and "that the [serious] injury was causally related to the accident" (*Kapeleris v Riordan*, 89 AD3d 903, 904 [2011]; *see Elshaarawy v U-Haul Co. of Miss.*, 72 AD3d 878, 881 [2010]). Although the plaintiffs submitted certain evidence establishing, prima facie, that one of the injured plaintiff's vertebrae had a fracture, the plaintiffs, who submitted certain evidence showing that the fracture was "of indeterminate age," failed to establish, prima facie, that the fracture was caused by the accident (*cf. Diliberto v Barberich*, 94 AD3d 803, 804 [2012]; *Dabbs v Kelly*, 245 AD2d 482, 482-483 [1997]). Accordingly, that branch of the plaintiff's civil motion which was, in effect, for summary judgment or the issue of summary judgment must be denied on the merits. Skelos, J.P., Balkin, Leventhal and Austin, JJ., concur.