■ MICHAEL INDIA, Appellant, v EUGENE O'CONNOR et al., Respondents. [948 NYS2d 678]—

Contrary to the Supreme Court's determination, the defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants contended, inter alia, that the alleged injuries to the lumbar region of the plaintiff's spine did not constitute serious injuries within the meaning of Insurance Law § 5102 (d). However, the defendants' examining orthopedic surgeon recounted, in an affirmed report submitted in support of the defendants' motion for summary judgment dismissing the complaint, that range-of-motion testing performed during the examination revealed a significant limitation of motion in the lumbar region of the plaintiff's spine (*see Scott v Gresio*, 90 AD3d 736, 737 [2011]; *Nelms v Khokhar*, 12 AD3d 426, 427 [2004]). Further, the defendants' orthopedic surgeon failed to adequately explain and substantiate his belief that the limitation of motion in the lumbar region of the plaintiff's spine was self-imposed (*cf. Perl v Meher*, 18 NY3d 208, 219 [2011]; *Gonzales v Fiallo*, 47 AD3d 760 [2008]).

Since the defendants failed to meet their prima facie burden of demonstrating that the plaintiff did not sustain a serious

injury within the meaning of Insurance Law § 5102 (d), it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Cues v Tavarone*, 85 AD3d 846, 846-847 [2011]). Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.