Contrary to the Supreme Court’s determination, the defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants contended, inter alia, that the alleged injuries to the lumbar region of the plaintiffs spine did not constitute serious injuries within the meaning of Insurance Law § 5102 (d). However, the defendants’ examining orthopedic surgeon recounted, in an affirmed report submitted in support of the defendants’ motion for summary judgment dismissing the complaint, that range-of-motion testing performed during the examination revealed a significant limitation of motion in the lumbar region of the plaintiffs spine (see Scott v Gresio, 90 AD3d 736, 737 [2011]; Nelms v Khokhar, 12 AD3d 426, 427 [2004]). Further, the defendants’ orthopedic surgeon failed to adequately explain and substantiate his belief that the limitation of motion in the lumbar region of the plaintiff’s spine was self-imposed (cf. Perl v Meher, 18 NY3d 208, 219 [2011]; Gonzales v Fiallo, 47 AD3d 760 [2008]).
Since the defendants failed to meet their prima facie burden of demonstrating that the plaintiff did not sustain a serious *797 injury within the meaning of Insurance Law § 5102 (d), it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Cues v Tavarone, 85 AD3d 846, 846-847 [2011]). Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.