The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). Although the defendants asserted that the alleged injuries to the cervical and lumbosacral regions of the plaintiffs spine, and to the plaintiffs right shoulder, did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (see Toure v Avis Rent A Car Sys., 98 NY2d at 352; Gaddy v Eyler, 79 NY2d at 955-956), the defendants’ examining orthopedic surgeon recounted, in an affirmed report submitted in support of the defendants’ motion for summary judgment, that range-of-motion testing performed during the examination revealed significant limitations in those areas (see Alexander v Gordon, 95 AD3d 1245, 1246 [2012]). Although the defendants’ examining orthopedic surgeon concluded that the range-of-motion limitations were self-imposed, he failed to explain or substantiate, with objective medical evidence, the basis for that conclusion (see Iannello v Vazquez, 78 AD3d 1121 [2010]).
Since the defendants failed to meet their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Cues v Tavarone, 85 AD3d 846, 846-847 [2011]).
Accordingly, the Supreme Court should have denied the defendants’ motion for summary judgment dismissing the complaint. Dillon, J.E, Hall, Roman and Cohen, JJ., concur.