■ Segundo Paredes, Respondent, v 1668 Realty Associates, LLC, Defendant/Third-Party Plaintiff-Appellant, and L & B Construction NY, Inc., Respondent, et al., Defendants. Regal Contracting and Painting, Inc., Third-Party Defendant-Respondent, et al., Third-Party Defendants. [972 NYS2d 304]—

In an action to recover damages for personal injuries, the defendant/third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated March 16, 2012, as (a) granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it, (b) denied, as untimely, that branch of its cross motion which was for sum-

mary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and negligence insofar as asserted against it, and (c) denied, as untimely, its amended cross motion for summary judgment on its third-party cause of action for common-law indemnification against the third-party defendant Regal Contracting and Painting, Inc.

Ordered that the order is modified, on the law, by deleting the provision thereof denying, as untimely, the defendant/third-party plaintiff's amended cross motion for summary judgment on its third-party cause of action for common-law indemnification against the third-party defendant Regal Contracting and Painting, Inc., and substituting therefor a provision denying that amended cross motion on the merits; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the defendant/third-party plaintiff to the plaintiff and the third-party defendant Regal Contracting and Painting, Inc.

"The primary purpose of Labor Law § 240 (1) is to extend special protections to 'employees' or 'workers' " (*Torres v Perry St. Dev. Corp.*, 104 AD3d 672, 674 [2013]; *see Stringer v Musacchia*, 11 NY3d 212, 215 [2008]; *Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 577 [1990]; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 520 [1985]). "To be entitled to the protection of Labor Law § 240 (1), a plaintiff must demonstrate that he [or she] was both permitted or suffered to work on a building or structure and that he [or she] was hired by someone, be it [the] owner, contractor or their agent" (*Torres v Perry St. Dev. Corp.*, 104 AD3d at 674 [internal quotation marks omitted]; *see Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 50-51 [2004]; *Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]; Labor Law § 2 [5], [7]). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant/third-party plaintiff, 1668 Realty Associates, LLC (hereinafter 1668 Realty). In support of his motion, the plaintiff submitted evidence demonstrating, prima facie, that he was hired to perform masonry and related work at a site owned by 1668 Realty. The plaintiff's evidence further established, prima facie, that, on August 22, 2005, while performing work at this site, he was injured when he was struck by a bucket containing debris which was being lowered from the fifth floor of the premises, and that the bucket fell " 'because of the absence or inadequacy of a safety device of the kind enumerated in the statute' " (*Moncayo v Curtis Partition Corp.*, 106 AD3d 963, 964

[2013] [emphasis omitted], quoting *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *see generally Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]; *Mendez v Jackson Dev. Group, Ltd.*, 99 AD3d 677, 678 [2012]). Contrary to 1668 Realty's contention, it failed to raise a triable issue of fact in opposition as to whether the plaintiff was an employee within the meaning of Labor Law § 240 (1) (*see Kaminski v 22-61 42nd St., LLC*, 91 AD3d 606, 606 [2012]; *Singh v City of New York*, 68 AD3d 1095, 1096 [2009]). Accordingly, contrary to 1668 Realty's contention, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it.

The cross motion and amended cross motion made by 1668 Realty were untimely (*see* CPLR 3212 [a]; Kings County Supreme Court Uniform Civil Term Rules, part C, rule 6; *Polanco v Creston Ave. Props., Inc.*, 84 AD3d 1337, 1341 [2011]), and it failed to show "good cause" for the delay (CPLR 3212 [a]; *see Giuliano v 666 Old Country Rd., LLC*, 100 AD3d 960, 962 [2012]; *Powers v Sculco*, 89 AD3d 1075, 1075 [2011]). A court may, however, entertain an untimely cross motion for summary judgment if the court is deciding a timely motion for summary judgment made on nearly identical grounds (*see Alexander v Gordon*, 95 AD3d 1245, 1247 [2012]).

The issues raised in that branch of 1668 Realty's cross motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and negligence insofar as asserted against it were not nearly identical to the issues raised in the timely motions, and the Supreme Court properly declined to consider this branch of 1668 Realty's cross motion (*see Vasquez v C2 Dev. Corp.*, 105 AD3d 729, 731 [2013]; *Teitelbaum v Crown Hgts. Assn. for the Betterment*, 84 AD3d 935, 937 [2011]). Conversely, 1668 Realty's amended cross motion for summary judgment on its third-party cause of action for common-law indemnification against the third-party defendant Regal Contracting and Painting, Inc. (hereinafter Regal), should have been entertained because it was made on grounds that were nearly identical to those raised in Regal's timely cross motion, inter alia, for summary judgment on the third-party complaint (*see Alexander v Gordon*, 95 AD3d at 1247). On the merits, however, 1668 Realty is not entitled to summary judgment because there are triable issues of fact as to whether, inter alia, the plaintiff suffered a "grave injury" within the meaning of Workers' Compensation Law § 11 (*see Coque v Wildflower Estates Devs., Inc.*, 31 AD3d 484, 488-489 [2006]; *cf. Mentesana*

*v Bernard Janowitz Constr. Corp.*, 36 AD3d 769, 771 [2007]; *Heffernan v Bais Corp.*, 294 AD2d 401 [2002]). Dickerson, J.P., Austin, Miller and Hinds-Radix, JJ., concur. **[Prior Case History: 34 Misc 3d 1240(A), 2012 NY Slip Op 50486(U).]**