■ AISHAH MILLER, Appellant et al., Plaintiff, v ANIS EBRA-HIM et al., Respondents. [20 NYS3d 538]—In a consolidated action to recover damages for personal injuries, the plaintiff Aishah Miller appeals from an order of the Supreme Court, Queens County (Gavrin, J.), entered October 31, 2014, which granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted by her on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Aishah Miller is denied.

The defendants failed to meet their prima facie burden of demonstrating that the plaintiff Aishah Miller did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955,

955-956 [1992]). One of the defendants' experts found significant limitations in the range of motion in the lumbar region of her spine (see *Miller v Bratsilova*, 118 AD3d 761 [2014]), and he failed to adequately explain and substantiate his belief that the limitations were self-imposed (see *India v O'Connor*, 97 AD3d 796 [2012]; *cf. Perl v Meher*, 18 NY3d 208, 219 [2011]; *Gonzales v Fiallo*, 47 AD3d 760 [2008]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by Miller in opposition were sufficient to raise a triable issue of fact (see *Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted by Miller. Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.