■ JOHN PROTONENTIS, Appellant, v JOSEPH BATTAGLIA et al., Respondents. [52 NYS3d 888]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Galasso, J.), dated January 20, 2016, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). One of the defendants' experts found significant limitations in the range of motion of the plaintiff's right shoulder and the lumbar region of his spine, and the expert failed to adequately explain and substantiate his belief that the limitations were self-imposed (*see Miller v Ebrahim*, 134 AD3d 915, 916 [2015]; *Mercado v Mendoza*, 133 AD3d 833, 834 [2015]; *India v O'Connor*, 97 AD3d 796 [2012]; *cf. Gonzales v Fiallo*, 47 AD3d 760 [2008]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Austin, Miller and Barros, JJ., concur.