■ YANIRA CASTRO, Appellant, v MICHAEL D. ANTHONY et al., Respondents. [57 NYS3d 895]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Marber, J.), entered January

13, 2016, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with one bill of costs, and the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). One of the defendants' experts found significant limitations in the range of motion of the plaintiff's spine, and the expert failed to adequately explain and substantiate his belief that the limitations were self-imposed (see Miller v Ebrahim, 134 AD3d 915, 916 [2015]; Mercado v Mendoza, 133 AD3d 833, 834 [2015]; India v O'Connor, 97 AD3d 796 [2012]; cf. Gonzales v Fiallo, 47 AD3d 760 [2008]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d 969 [2011]).

Accordingly, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Mastro, J.P., Hall, Cohen and Iannacci, JJ., concur.