Rivas v Hill (2018 NY Slip Op 04367)





Rivas v Hill


2018 NY Slip Op 04367


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-11288
 (Index No. 6623/14)

[*1]Angel Rivas, appellant, 
v
Brianna Hill, et al., respondents.


Wallace, Witty, Frampton & Veltry, P.C., Bay Shore, NY (Michael J. Mills of counsel), for appellant.
Breen & Clancy, P.C., Hauppauge, NY (Michael T. Clancy and Anne Marie Caradonna of counsel), for respondents Brianna Hill and Curtis Hill.
Schondebare & Korcz, Ronkonkoma, NY (Amy B. Korcz of counsel), for respondent Lino Valdez-Bautista.
Roe & Associates, New York, NY (Rose G. Natoli of counsel), for respondent Juan P. Delcid.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered September 12, 2016. The order, insofar as appealed from, granted the motion of the defendants Brianna Hill and Curtis Hill, the separate motion of the defendant Lino Valdez-Bautista, and that branch of the motion of the defendant Juan P. Delcid, all of which were for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, and the motion of the defendants Brianna Hill and Curtis Hill, the separate motion of the defendant Lino Valdez-Bautista, and that branch of the motion of the defendant Juan P. Delcid, which were for summary
judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident are denied.
The plaintiff commenced this action to recover damages for personal injuries that he alleges he sustained in a motor vehicle accident that occurred on June 23, 2012, at or near the intersection of Motor Parkway and Express Drive North in Hauppauge. The Supreme Court subsequently granted the motion of the defendants Brianna Hill and Curtis Hill (hereinafter together the Hill defendants), the separate motion of the defendant Lino Valdez-Bautista, and that branch of the motion of the defendant Juan P. Delcid, which were for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident, and the plaintiff appeals.
The defendants failed to meet their respective prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to the cervical and lumbar regions of his spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d). Two of the defendants' experts found significant limitations in the range of motion of the cervical and lumbar regions of the plaintiff's spine and failed to adequately explain and substantiate their beliefs that the limitations were self-imposed (see Miller v Ebrahim, 134 AD3d 915, 916; Mercado v Mendoza, 133 AD3d 833, 834; Miller v Bratsilova, 118 AD3d 761; India v O'Connor, 97 AD3d 796; cf. Gonzales v Fiallo, 47 AD3d 760). Further, the defendants' evidentiary submissions demonstrated the existence of a triable issue of fact as to whether the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were caused by the accident (see Straussberg v Marghub, 108 AD3d 694; Kearney v Garrett, 92 AD3d 725, 726).
Since the defendants failed to meet their respective prima facie burdens, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d 969).
Accordingly, the Supreme Court should have denied the motions of the Hill defendants and Valdez-Bautista, and that branch of Delcid's motion, which were for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
DILLON, J.P., SGROI, HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court