Bertuccio v Murdolo (2019 NY Slip Op 03758)





Bertuccio v Murdolo


2019 NY Slip Op 03758


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2016-12574
 (Index No. 10462/13)

[*1]Donna M. Bertuccio, appellant,
v
Jessica G. Murdolo, et al., respondents.


Edelstein & Grossman, New York, NY (Jonathan I. Edelstein of counsel), for appellant.
Bello & Larkin, Hauppauge, NY (Kelly A. Green of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Daniel Martin, J.), dated September 30, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured when the vehicle she was operating collided with a vehicle owned by the defendant Gary Murdolo and operated by the defendant Jessica G. Murdolo in Nassau County. The plaintiff commenced this action to recover damages for personal injuries. In her bill of particulars, she alleged, inter alia, an injury to the cervical region of her spine.
The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In support, they submitted, inter alia, the affirmed report of an orthopedic surgeon who examined the plaintiff. The surgeon measured the range of motion of the cervical region of the plaintiff's spine, and found substantial limitations of 50% or more, although the surgeon summarily opined that the plaintiff's limitations were self-imposed. The report further stated that the resolved injuries of the cervical region of the plaintiff's spine were causally related to the accident.
The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. The plaintiff appeals, and we reverse.
The defendants failed to meet their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957), since their expert orthopedic surgeon found significant limitations in the range of motion of the cervical region of the plaintiff's spine and did not adequately explain and substantiate [*2]his opinion that the limitations were self-imposed (see Rivas v Hill, 162 AD3d 809, 810-811; Miller v Ebrahim, 134 AD3d 915, 916).
Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Therefore, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court