Knight v James (2020 NY Slip Op 02771)





Knight v James


2020 NY Slip Op 02771


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-02160
 (Index No. 609463/16)

[*1]Michael T. Knight, appellant, 
v
Renee Tessa James, et al., respondents.


Jaroslawicz & Jaros PLLC, New York, NY (David Tolchin of counsel), for appellant.
Charles F. Harms, Jr., Garden City, NY (Andrew J. Frank of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated February 1, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident on May 25, 2016. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). They failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a fracture as a result of the accident (see Alexander v Gordon, 95 AD3d 1245, 1246; Kolios v Znack, 237 AD2d 333; cf. Kline v Mitchell, 149 AD3d 924, 925; Uribe v Jimenez, 133 AD3d 844). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the plaintiff's opposing papers were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d 969).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court