Vaccaro v Francolopez (2022 NY Slip Op 03025)

Vaccaro v Francolopez

2022 NY Slip Op 03025

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.

2020-02824
 (Index No. 57032/18)

[*1]Anthony Vaccaro, respondent, 
v
Omarlin Francolopez, et al., appellants, et al., defendant.

Morris Duffy Alonso & Faley, New York, NY (Robert S. Whitbeck, Iryna S. Krauchanka, and Andrea M. Alonso of counsel), for appellants.
Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, and Christopher Soverow], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Omarlin Francolopez, Ryder Truck Rental, Inc., and D. Bertoline & Sons, Inc., appeal from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated February 5, 2020. The order, insofar as appealed from, denied those branches of those defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) and insofar as asserted against the defendant Ryder Truck Rental, Inc., pursuant to 49 USC § 30106 (the Graves Amendment).
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 25, 2017, the plaintiff allegedly was injured when his vehicle was struck in the rear on a roadway in Ossining by a truck owned by the defendant Ryder Truck Rental, Inc. (hereinafter Ryder), leased by the defendant D. Bertoline & Sons, Inc., and operated by the defendant Omarlin Francolopez (hereinafter collectively the defendants). In October 2017, the plaintiff commenced this action against the defendants, and another party. After joinder of issue and the completion of discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them alleging that the plaintiff did not sustain a serious injury under several categories of Insurance Law § 5102(d) and that Ryder could not be held liable for the plaintiff's alleged injuries pursuant to the Graves Amendment (see 49 USC § 30106). The Supreme Court, inter alia, denied those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against Ryder pursuant to the Graves Amendment, and insofar as asserted against the defendants on the ground that they failed to establish, prima facie, that the plaintiff did not sustain a fracture as a result of the accident. The defendants appeal.
The Graves Amendment provides that the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle if the owner (1) "is engaged in the trade or business of renting or leasing motor vehicles," and (2) "there is no negligence or criminal wrongdoing on the part of the owner" (49 USCA § 30106[a]; see Harewood v Zip Car, 189 AD3d 1192, 1193).
Here, it is undisputed that Ryder was the owner of the truck involved in the accident and that Ryder was engaged in the trade or business of renting or leasing motor vehicles. However, [*2]contrary to the defendants' contention, the Supreme Court properly determined that the defendants failed to sustain their prima facie burden of demonstrating that Ryder did not negligently maintain the truck (see Couchman v Nunez, 180 AD3d 645, 646; Lozano v Magda, Inc., 165 AD3d 1249, 1249; Currie v Mansoor, 159 AD3d 797, 798). Accordingly, the court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Ryder pursuant to the Graves Amendment, without regard to the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants also failed to meet their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Knight v James, 183 AD3d 709). Although the Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d), the defendants failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a fracture as a result of the accident (see Insurance Law § 5102[d]; Knight v James, 183 AD3d at 710; Kolios v Znack, 237 AD2d 333, 333). Since the defendants failed to meet their prima facie burden, the court properly denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d), without regard to the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
In light of this determination, we need not reach the issue of whether any of the other injuries alleged by the plaintiff constituted a serious injury within the meaning of Insurance Law § 5102(d) (see Linton v Nawaz, 14 NY3d 821, 822; Pollet v Charyn, 200 AD3d 728; Marte v New York City Tr. Auth., 59 AD3d 398, 399).
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court