Mahler v Lewis (2022 NY Slip Op 06123)

Mahler v Lewis

2022 NY Slip Op 06123

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-01671
 (Index No. 617410/17)

[*1]Bruce R. Mahler, et al., appellants, 
v
Wilda I. Lewis, respondent, et al., defendant.

Joseph B. Fruchter, Hauppauge, NY, for appellants.
Russo & Gould, LLP, New York, NY (David S. Gould and Trishé L. A. Hynes of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated February 23, 2021. The order granted the motion of the defendant Wilda I. Lewis for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff Bruce R. Mahler did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Wilda I. Lewis for summary judgment dismissing the complaint insofar as asserted against her is denied.
The plaintiff Bruce R. Mahler (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries allegedly sustained by the injured plaintiff in a motor vehicle accident. The defendant Wilda I. Lewis (hereinafter the defendant) moved for summary judgment dismissing the complaint insofar as asserted against her on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated February 23, 2021, the Supreme Court granted the defendant's motion, and the plaintiffs appeal.
The defendant failed to meet her prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant failed to submit competent medical evidence establishing, prima facie, that the injured plaintiff did not sustain a serious injury to the cervical, thoracic, or lumbar regions of his spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d). One of the defendant's experts found significant limitations in the range of motion of the cervical and lumbar regions of the injured plaintiff's spine, and failed to adequately explain and substantiate, with competent medical evidence, his belief that the limitations were self-imposed (see Mondesir v Ahmed, 175 AD3d 1291; Singleton v F & R Royal, Inc., 166 AD3d 837, 838; Rivas v Hill, 162 AD3d 809, 810-811; Miller v Ebrahim, 134 AD3d 915, 916; Mercado v Mendoza, 133 AD3d 833, 834). The expert's report is also silent as to whether he [*2]examined the range of motion of the thoracic region of the injured plaintiff's spine, which was also alleged to have been injured in the accident. Further, the defendant failed to establish, prima facie, that the injured plaintiff's alleged spinal injuries were not caused by the accident (see Navarro v Afifi, 138 AD3d 803, 804). Since the defendant failed to meet her prima facie burden, it is unnecessary to determine whether the opposing papers were sufficient to raise a triable issue of fact (see Singleton v F & R Royal, Inc., 166 AD3d at 838).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against her.
DUFFY, J.P., RIVERA, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court